COCKRELL et al. v. RASBERRY, SHERIFF.

(Division A. October 6, 1947.)

[32 So. (2d) 119. No. 36500.]

Roberson, Luckett & Roberson, of Clarksdale, for appellants.

314

J. H. Sumrall, of Jackson, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This case involves the construction of Section 45, Subsection (v), Chapter 138, Laws of 1944, which reads as follows:

"Upon each person doing business as a transient vendor, or dealer, as defined in this section, and upon which a privilege tax is not specifically imposed by another section of this act, a tax for each county according to the following schedules: . . . (v) Upon each transient vendor, or dealer of fruits, vegetables, or other produce, in each county . . . . . . . $50.00.

"Provided, however, that when perishable fruits and vegetables are sold from a plant, warehouse, or built-in refrigeration plant, situated in this state, assessed at not less than $3,000.00, upon which a proper tax has been or is being paid, the tax imposed upon a transient vendor, dealer or salesman of such perishable fruits and vegetables shall then be $10.00 for each county."

The appellants Earl and Clara Belle Cockrell were during the years of 1945 and 1946 engaged in business as the Cockrell Banana Company at Tupelo, Mississippi, selling fresh fruits and vegetables from a built-in refrigeration plant there, which was assessed at not less than $3,000, and upon which a proper tax was paid. They had in their employ the appellant Lester Yarber, who worked the territory including Coahoma and Quitman Counties. He loaded his truck, from which he delivered the fruits and vegetables in that territory, at a built-in refrigeration plant at Clarksdale, where the Cockrell Banana Company

had rented a building and installed a local plant, assessed at only about $300.

It is agreed in a statement of the facts that the perishable fruits and vegetables so handled by the said Lester Yarber "come to the Clarksdale plant from the Tupelo plant, which received them from the source of supply; that the Cockrell Banana Company is run from the Tupelo plant and all receipts from sales made in the counties of Coahoma and Quitman from its trucks are paid into the Tupelo office, and all disbursements made on account thereof are disbursed from the Tupelo office. In other words, the business out of the Clarksdale plant is directed and managed from the Tupelo office of the Cockrell Banana Company," even though it is also agreed that the said Lester Yarber is the manager of the Clarksdale plant and "is the man who actually makes the sales in the counties of Coahoma and Quitman."

Therefore, as we understand the agreed statement of facts, the fruits and vegetables sold by Lester Yarber in his part of the territory come from the plant at Tupelo, and are sold by him as the representative, agent and employee of the Cockrell Banana Company at Tupelo, even though they are first sent to the Clarksdale plant, as a temporary depository, for preservation pending their distribution to customers in Coahoma and Quitman Counties.

It appears that during the years in question the Cockrell Banana Company paid the tax at $10 per county in all the territory where the fruits and vegetables were distributed directly from the built-in refrigeration plant at Tupelo, and during the year 1945 it paid a like amount for each of the counties of Coahoma and Quitman, and again tendered the same for the year 1946, but upon learning that those distributed in said counties came directly from the plant in Clarksdale, after first being in storage at the Tupelo plant, the State Tax Commission demanded the additional sum of $40 for the year 1945,

and the sum of $50 for the year 1946, for each of said counties, and upon the refusal of the appellants to pay the same a warrant was placed in the hands of the appellee, W. D. Rasberry, as sheriff and tax collector of Coahoma County, for the collection of said additional taxes and a 50% penalty thereon for each of said years. This suit was then brought by the appellants to enjoin the execution of such warrant. The County Court refused to dissolve a writ of injunction previously issued by said court, but made the same perpetual on final hearing. Upon an appeal to the Chancery Court the injunction was dissolved and the bill of complaint was dismissed. The appeal here is from that decree.

We are of the opinion that the statute in question was designed to encourage the establishment in this State by dealers in fresh fruits and vegetables of built-in refrigeration plants, and that since the Cockrell Banana Company had the right to sell and distribute such produce from its built-in refrigeration plant at Tupelo in every County in the State by paying the sum of $10 for such privilege, it would not be liable for the payment of a $50 privilege license per county where it sends such produce from its main plant to a branch plant for its better preservation, temporarily, pending their sale and distribution from the branch plant, even though the latter is assessed at less than $3,000, since the business is nevertheless being conducted from the main plant through a local representative and employee of the company in the territory near the branch plant.

We, therefore, think that the judgment of the Chancery Court in reversing the decision of the County Court was error, that the judgment appealed from should, therefore, be reversed and a judgment rendered here reinstating the judgment of the County Court which perpetuated the injunction against the sale of the property of the appellants for the collection of the additional

tax, and that the appellants should be adjudged liable for only the sum of $10, as tendered, for each of the counties involved.

Reversed and judgment here for the appellants.